[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
May the petitioner obtain habeas corpus relief from allegedly unlawful confinement based on the claims of (1) ineffective assistance of trial counsel; and (2) denial of effective assistance of appellate counsel.
Eric Yerkes ("the petitioner") was arrested under three separate informations consisting of multiple sexual and other related offenses. Prior to trial, the court (Hon. Joseph Purtill) granted the state's motion to consolidate the three informations. Attorney Bruce Sturman, public defender for New London, previously appointed to represent the petitioner, took an exception to the court's ruling. The petitioner's trial before the Honorable Thomas F. Parker, and a jury of six, commenced on April 5, 1994 and continued until April 7, 1994. On April 8, 1994, the jury returned a verdict of guilty to all counts. On June 14, 1994, the petitioner was sentenced to an effective sentence of ninety (90) years, execution suspended after forty-five (45) years and five (5 years probation. The petitioner appealed his conviction to the Connecticut Appellate Court, which CT Page 8265 affirmed his conviction in State of Connecticut v. Eric J.Yerkes, 37 Conn. App. 915 (1995).
The petitioner claims that although he met with his attorney on several occasions, his attorney only discussed plea bargain offers and not the specific allegations of the charged crimes pending against him. Attorney Sturman testified that he first met with the petitioner on his pending charges on July 20, 1993, and between that date and March 7, 1994, he met with the petitioner approximately nine times. He also testified that whenever the petitioner was brought into court, he would sit and discuss his case with him. Interestingly, Mr. Sturman had previously represented this petitioner in a 1986 jury trial for sexual assault which resulted in an acquittal. He also testified that his preparation for this trial was more extensive than for the earlier trial. It is inconceivable to this court, based on the testimony of Attorney Sturman and the petitioner, that they would have conferred with each other approximately nine times prior to trial and only discuss plea bargain offers.
Next, Yerkes testified that he had advised Attorney Sturman that he had several witnesses available to testify, including Tanya Shurette, Wendy Furr, Stephanie Bice and Lynn Nelson. He also testified that his daughter, Erica, one of the alleged victims, had psychological problems prior to the alleged assaults. Attorney Sturman did not subpoena any of these witnesses. Finally, he (petitioner) testified as to marital problems with his wife, Mary, and as to his relationship with an eighteen year old lady which may have motivated the charges by his daughters and niece, all of which he claims Sturman neither pursued or investigated. In contrast to the petitioner's testimony, Attorney Sturman testified he was allowed complete access to the state's file, including reports and medical records. He also was familiar with the mother of victims K and E, and an aunt of victim N from his earlier representation of the petitioner. He also testified he met with the petitioner and reviewed trial testimony and prepared the petitioner for cross-examination. Attorney Sturman was successful in having one count of risk of injury dismissed. With regard to the consolidation of all three cases, Sturman strongly objected and took exception to the court's ruling granting the state's motion. This was one of the basis for the appeal of petitioner's conviction.
At petitioner's trial, testimony was elicited from a staff CT Page 8266 member of L M hospital psychiatric section concerning the victim, Erica. He also brought out the facts of the ongoing domestic problems between the petitioner and his wife. The evidence also documents Attorney Sturman's extensive cross-examination of Lynn Nelson, one of the witnesses petitioner claims was not called by his counsel. Furthermore, it appears that Lynn Nelson refused to meet with the public defender's office prior to the trial.
Attorney Sturman testified as to his reasons for not calling petitioner's other daughter, and that he did not interview victims E and K, although he spoke with their mother. As to the potential witness, Stephanie Bice, he felt her memory on dates was rather poor and that petitioner had been drinking on the day of N's alleged sexual assault by petitioner. He also gave a rational explanation for not calling Wendy Furr, and this court feels her testimony was not overly impressive.
In order to substantiate a claim of ineffective assistance of counsel, as set forth in Strickland v. Washington,446 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the petitioner must meet a two-prong test, which has been adopted by our Supreme Court in Johnson v. Commissioner, 218 Conn. 403, 425,589 A.2d 1214 (1991. "When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness . . . . The proper measure of attorney performance remains simply reasonableness under prevailing professional norms . . . . It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence . . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." (Citations omitted; internal quotation marks omitted.) Id., 425. It clearly appears to the court that the petitioner is relying largely on hindsight to evaluate Attorney Sturman's performance. Furthermore, as stated in Copas v. Commissioner of Correction, 234 Conn. 139, at 147, the second prong under Strickland is "but for counsel's substandard performance, there is a reasonable probability that the result of the proceeding would have been different." This court is convinced that Sturman's performance was not other than reasonable under prevailing norms and even with the benefit of hindsight, the result would not have been CT Page 8267 different.
For these reasons, the court finds that the petitioner is not entitled to habeas relief and, accordingly, his petition is denied.
Grogins, J.